**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

SANDRA HUNDLEY,

    Plaintiff,

-vs-                                    CASE NO.:

EXPERIAN INFORMATION
SOLUTIONS, INC., EQUIFAX
INFORMATION SERVICES LLC,
UPGRADE, INC. and DFS SERVICES LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SANDRA HUNDLEY (hereinafter "Plaintiff"), sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian"), EQUIFAX INFORMATION SERVICES LLC, ("Equifax"), UPGRADE, INC. ("Upgrade"), and DFS SERVICES LLC ("Discover") (hereafter collectively "Defendants") in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax, Trans Union.

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Charlotte County in the State of Florida. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

9. Upon information and believe, Experian is a corporation incorporated under the State of California, authorized to do business in the State of Florida, through its registered agent, CT Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

10. Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11. Under information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

12. Upon information and believe, Equifax is a corporation incorporated under the State of Georgia, authorized to do business in the State of Florida, through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

13. Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

14. Under information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

15. Upgrade is a corporation headquartered in San Francisco, California and transacts business in the State of Florida.

16. Upgrade is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

17. Upgrade furnished Plaintiff's information to Experian and Equifax, which was inaccurate.

18. Discover is a corporation headquartered in Greenwood, Delaware and transacts business in the State of Florida.

19. Discover is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

20. Discover furnished Plaintiff's information to Experian and Equifax, which was inaccurate.

## **FACTUAL ALLEGATIONS**

21. Experian, Equifax, and Trans Union are the "big three" credit reporting agencies in the United States today.

22. In January of 2022, Plaintiff became aware that Discover was attempting to collect for an overdue Discover account (partial account number 601101xxxxxxxxxx) that was alleged to belong to Plaintiff.

23. Shortly thereafter, Plaintiff called Discover to inform them that they were attempting to collect on a credit account that did not belong to her, and they were reporting this account to the CRAs. During this phone conversation, Plaintiff learned that Discover did not have the correct phone number or mailing address associated with Plaintiff. Plaintiff notified Discover that the account was fraudulent.

24. In the beginning of March of 2022, Plaintiff again communicated to Discover Bank that the fraudulent account did not belong to her.

25. After each dispute, Discover Bank failed to fix the inaccurate account.

26. On June 30, 2022, Plaintiff obtained her Experian credit report, and learned that not only was the Discover partial account number 601101xxxxxxxxxx being report on her Experian and Equifax credit reports, but there was also an Upgrade partial account number 13218xxxx being reported on her respective credit reports.

27. Plaintiff does not have an Upgrade credit account, nor has Plaintiff ever applied (or given permission for someone to apply) for an account with Upgrade.

28. On July 13, 2022, Plaintiff obtained her Experian and Equifax credit report, and the Upgrade partial account number 13218xxxx and Discover partial account number 601101xxxxxxxxxx continued to be present and report negatively.

29. Plaintiff has repeatedly sent disputes to Experian and Equifax about the Upgrade partial account number 13218xxxx and Discover partial account number 601101xxxxxxxxxx being reported on her credit reports.

30. With each of her disputes, Plaintiff included relevant information that would prove to Experian and Equifax that the disputed accounts did not belong to Plaintiff.

31. Upon information and belief, Experian and Equifax sent Upgrade and Discover Plaintiff's dispute letters. Both Defendants Upgrade and Discover failed to conduct a reasonable investigation and merely compared its erroneous data.

32. Furthermore, despite Plaintiff disputing the inaccurate Upgrade and Discover account on her credit reports with Experian and Equifax, they failed to conduct any independent investigation and continued the state the accounts were "verified as accurate".

33. As a result of the actions/inactions of the Defendants Plaintiff has been denied credit.

34. As a result of the actions/inactions of the Defendants, Plaintiff's credit scores have dropped significantly.

35. As a result of the action and/or inactions of the Defendants, Plaintiff has suffered from unnecessary and unwanted stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation.

## COUNT I
## Violations of the Fair Credit Reporting Act as to Experian Information Solutions, Inc.

36. Plaintiff re-alleges and reincorporates paragraphs one through thirty-five above.

37. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Experian allowed Upgrade and Discover to report inaccurate information on the respective accounts. Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

38. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of ability to benefit from lower credit score; and mental

and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

39. Experian's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

40. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against EXPERIAN INFORMATION SOLUTIONS, INC., to Plaintiff, award Plaintiff her attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

**COUNT II**
**Violation of 15 U.S.C § 1681Ii- As to**
**Defendant, Experian Information Services, LLC**

41. Plaintiff re-alleges and reincorporates paragraphs one through thirty-five above.

42. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies,

by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Despite the large amount of documentation produced by Plaintiff demonstrating the fraud, Experian refuses to do any independent investigation.

43. Experian's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Experian was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

44. Experian took no independent action to investigate the dispute. Experian received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Upgrade and Discover.

45. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE** the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; for her attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
## Violations of the Fair Credit Reporting Act as to Equifax Information Services LLC

46. Plaintiff re-alleges and reincorporates paragraphs one through thirty-five above.

47. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Equifax allowed Upgrade and Discover to report inaccurate information. Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

48. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of ability to benefit from lower credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

49. Equifax's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

50. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against EQUIFAX INFORMATION SERVICES, LLC, to Plaintiff, award Plaintiff her attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C § 1681i- As to Defendant, Equifax Information Services LLC

51. Plaintiff re-alleges and reincorporates paragraphs one through thirty-five above.

52. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable. Despite the large amount of documentation produced by Plaintiff demonstrating the fraud, Experian refuses to do any independent investigation.

53. Equifax's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

54. Equifax took no independent action to investigate the dispute. Equifax received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Upgrade and Discover.

55. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE** the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, jointly and severally; for her attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

### COUNT V
### Violation of 15 U.S.C § 1681i- As to Defendant, Upgrade, Inc.

56. Plaintiff re-alleges and reincorporates paragraphs one through thirty-five above.

57. Upgrade furnished inaccurate representations to Experian and Equifax through Experian and Equifax to all of Plaintiff's potential lenders.

58. Upgrade violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an

accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

59. Upgrade violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

60. Upgrade did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Upgrade by the Plaintiff in connection with her dispute of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify who the responsible party was for the debt in question. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was not the liable party.

61. As a result of the conduct, action, and inaction of Upgrade, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein, including but not limited to denials of credit.

62. Upgrade's actions caused Plaintiff's credit to decrease.

63. Upgrade's conduct, action and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

64. Plaintiff is entitled to recover reasonable attorney's fees and costs from Upgrade in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE** the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, UPGRADE, INC., jointly and severally; for her attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

### COUNT VI
### Violation of 15 U.S.C § 1681i- As to Defendant, DFS Services LLC

65. Plaintiff re-alleges and reincorporates paragraphs one through thirty-five above.

66. Discover furnished inaccurate representations to Experian and Equifax through Experian and Equifax to all of Plaintiff's potential lenders.

67. Discover violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

68. Discover violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

69. Discover did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Discover by the Plaintiff in connection with her dispute of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify who the responsible party was for the debt in question. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was not the liable party.

70. As a result of the conduct, action, and inaction of Discover, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, financial

loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein, including but not limited to denials of credit.

71. Discover's actions caused Plaintiff's credit to decrease.

72. Discover's conduct, action and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

73. Plaintiff is entitled to recover reasonable attorney's fees and costs from Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE** the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, DISCOVER BANK, jointly and severally; for her attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

DATED this 24th day of February 2023.

        Respectfully submitted,

        */s/Frank H. Kerney, III, Esq.*
        Frank H. Kerney, III, Esq.
        Florida Bar No.: 88672
        The Consumer Lawyers PLLC
        412 E. Madison St. Ste. 916
        Tampa, FL 33692
        Telephone: 844.855.9000
        Facsimile: 844.951.3933
        Frank@TheConsumerLawyers.com
        Jason@TheConsumerLawyers.com
        Counsel for Plaintiff